IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jorge Santana,                                                                  Case No. 3:07CV3724

            Plaintiff

   v.                                                                                        ORDER

U.S. Tsubaki, Inc.,

            Defendant

     This is an employment discrimination case in which the defendant, U.S. Tsubaki, Inc., has moved for summary judgment as to all claims. [Doc. 44]. For the reasons that follow, the motion shall be granted.

     Plaintiff, Jorge Santana, of Hispanic ethnicity, is a qualified toolmaker. In April, 2006, the defendant posted an opening for a first shift toolmaker. Plaintiff applied, as he desired to move from the second to the first shift. After he and others applied, the company withdrew the posting without filing the position.

1

The following October the company re-posted the position. Plaintiff reapplied. The company granted the shift change to another applicant, Ray Barnard. Barnard, who is Caucasian, was not a qualified toolmaker at the time of the earlier posting. He had become qualified in the meantime.[1]

Plaintiff claims that the company violated the collective bargaining agreement when it granted Barnard's request for the shift change and denied plaintiff's application.[2] He also claims that the award of the shift change to Barnard was based on ethnicity, rather than legitimate factors.

To establish a *prima facie* case of unlawful employment discrimination, the plaintiff must demonstrate that: 1) he was a member of a protected class; 2) he suffered an adverse employment action; 3) he was qualified for the position; and 4) he was treated differently than similarly-situated, non-protected employees. *E.g.*, *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004); *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir. 1996) (plaintiff must show, as part of his *prima facie* case, that the employer's actions about which he complains were "materially adverse"); *Roelen v. Akron Beacon Journal*, 199 F.Supp. 2d 685, 692 (N.D. Ohio 2002) ("unless employment actions involve some significant detriment, they are not materially adverse and, thus, not actionable.").

Plaintiff cannot meet this burden, because, as a matter of law, the Sixth Circuit has held that the mere denial of a "lateral transfer" does not, absent something more in terms of the negative

---

[1] According to the plaintiff, the company accelerated his qualifications period and waived certain requirements. In view of the basis on which I grant the defendant's summary judgment motion, it is not necessary to address plaintiff's contentions about Barnard's qualifications.

[2] In his response to the company's motion for summary judgment, the plaintiff does not address the company's contention that his § 301 claim was filed outside the six month limitations period. That aspect of the defendant's motion can be granted without further discussion.

aspects of its impact, constitute an adverse employment action. *See*, *e.g.*, *Kocsis, supra*, 97 F.3d at 886 ("barring unusual circumstances, a transfer at no loss of title, pay, or benefits does not amount to [an] adverse employment action") (quote and citation omitted); *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 183 (6th Cir. 2004) ("where the sought position is a lateral transfer, without additional material benefits or prestige, it would be improper to conclude that the denial of such a transfer would be a materially adverse action."); *see also Momah v. Dominguez*, 239 Fed. Appx. 114, 123 (6th Cir. 2006), *vacated and remanded on other grounds*,      U.S.    , 549 U.S. 1106 (2007) (citations omitted) ("a purely lateral transfer or denial of the same, which by definition results in no decrease in title, pay or benefits, is not an adverse employment action for discrimination purposes."); *Freeman v. Potter*, 200 Fed. Appx. 439, 443 (6th Cir. 2006) ("In general, a lateral transfer, or the refusal to make a lateral transfer, is not a materially adverse action.").

A refusal to grant a shift change, as occurred here, is not an adverse employment action. *Martin v. Boeing-Oak Ridge Co.,* 244 F.Supp.2d 863, 876 (E.D.Tenn. 2002) ("assignment to the second shift was a lateral transfer within his same job classification with the same title, seniority and pay. It was not an adverse employment action."); *accord*, *Sams v. Northcoast Behavioral Health Care Center*, 2007 WL 4300118, * 11 ( N.D.Ohio) ("Plaintiff does not indicate that the denial of her transfer from third shift to first shift caused a decrease in title, pay or benefits. Accordingly, this denial does not constitute an adverse employment action."); *see also Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 769-71 (5th Cir. 2001) (holding that a shift change, without more, is not an adverse employment action under the anti-retaliation provision of the Family and Medical Leave Act). *But see Strouss v. Michigan Dept. of Corrections*, 75 F.Supp.2d 711, 726 (E.D.Mich. 1999) (where transfer to a different shift "entailed a change in work hours which would materially impact

Plaintiff's ability to continue her education," such transfer constituted a materially adverse employment action).

Plaintiff's opposition to the motion for summary judgment does not discuss the cases cited by the defendant. Instead, plaintiff only points to a case from the District of Columbia Circuit, *Ginger v. Dist. of Columbia*, 527 F.3d 1340, 1344 (D.C. Cir. 2008). Although that court held that denial of a shift change was a material adverse employment action, that decision is not controlling. In any event, it is also distinguishable, as the plaintiffs in that case showed a decrease in income from the change in shift assignments.

Plaintiff also asserts, in an entirely subjective and conclusory manner, that the first shift is generally preferred at the defendant's plant. Such subjective preferences are insufficient to show that plaintiff suffered a materially adverse employment action. *Martin, supra*, 244 F.Supp.2d at 876.

Absent proof of some negative, and tangible, or at least quasi-tangible impact on the plaintiff's terms and conditions of employment, he cannot establish his *prima facie* case. *White v. Burlington Northern & Santa Fe Railway Co.*, 310 F.3d 443, 450 (6th Cir. 2002) (material adverse change includes a termination in employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation).

The law in our Circuit and District being dispositive of plaintiff's employment discrimination case, it is not necessary to consider whether, had he been able to make out a *prima facie* case, he could have prevailed on his burden of showing that the defendant's articulated reasons were pretextual.

4

### Conclusion

In light of the foregoing it is

ORDERED THAT defendant's motion for summary judgment be, and the same hereby is granted.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge